UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

David James Jannetta,

        Petitioner,

vs.                                              REPORT AND RECOMMENDATION

Terry Carlson, C.E.O./ Warden,

        Respondent .                    Civ. No. 05-1349(DWF/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petitioner's Application for Habeas Corpus relief under Title 28 U.S.C. §2254, see Docket No. 1. For the reasons which follow, we recommend that the Petition for Writ of Habeas Corpus be summarily dismissed, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1]Rule 4 provides that, "[i]f it plainly appears from the petition and any attached
(continued...)

II. <u>Factual and Procedural Background</u>

In 1993, the Petitioner pled guilty to two charges of criminal sexual conduct. He received a 108-month prison sentence, but the sentence was stayed. <u>Petition</u>, at p. 2, §§1-5. Sometime thereafter, the Petitioner evidently violated the conditions of his stayed sentence, and the sentence was "executed" on May 12, 2000. <u>Id</u>., at §3. The Petitioner is presently serving that sentence in the Minnesota Correctional Facility, at Moose Lake, Minnesota.

The Petitioner did not file any direct appeal with respect to his State Court convictions and sentence. <u>Id.</u> at §8. He did, however, initiate a proceeding in the Trial Court, which he describes as a "Rule 27.03 Subd 9 Correction of Sentence." <u>Id.</u> at §11. The Petition does not indicate when that proceeding was commenced, but it does inform us that the proceeding was dismissed on January 24, 2005. <u>Id.</u>

The Petition also reveals that the Petitioner initiated a "Post Conviction" proceeding in the Minnesota Court of Appeals. <u>Id.</u> Again, the Petition does not

---

[1](...continued)
exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

advise as to when that proceeding was brought, but it was dismissed on June 29, 2005. Id.

The Petitioner's present Habeas Corpus Petition, which was filed on July 7, 2005, lists three grounds for relief: 1) that the Petitioner was deprived of his constitutional right of access to the Courts, because the Minnesota Revisor of Statutes has asserted a copyright interest in the State's publication of the Minnesota State Statutes;[2] 2) that the Petitioner's original sentence, in 1993, violated the constitutional prohibition against Double Jeopardy; and, 3) that the Petitioner was deprived of his constitutional rights to Due Process and Equal Protection, because he was unable to obtain copies of Court Transcripts pertaining to his criminal case.[3] Id. at §12.

---

[2]The Petitioner argues that the Revisor's copyright deprives him of his constitutional rights, because the Revisor allegedly <u>could</u> forbid him from citing the Minnesota Statutes in any contemplated legal challenge to his conviction or sentence. Unquestionably, the asserted claim is plainly frivolous, as shown by a letter from the Revisor's Office, which is attached to the present Petition, and which clearly states that no copyright is claimed "in the actual words of the law." Thus, the Revisor's copyright interest obviously does **not** prevent the Petitioner from citing State Statutes in support of any legal challenge he might wish to bring.

[3]This claim is plainly deficient, because the Petitioner has not identified the transcripts he was seeking and, more importantly, he has made no attempt to explain why he assertedly needed those transcripts to challenge his conviction and/or sentence.

We find, however, that the Petitioner's Habeas Corpus claims cannot be entertained at this time, because they have not been fully and fairly presented to the Minnesota State Courts. As a consequence, we recommend that his Petition be dismissed, but without prejudice, due to the non-exhaustion of State Court remedies.

### III. Discussion

It is well-established that a Federal Court will not entertain a Petition for a Writ of Habeas Corpus on behalf of a State prisoner unless the prisoner has first exhausted all available State Court remedies. See, Title 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). The exhaustion of State remedies requirement is based on principles of comity and federalism, as its purpose is to ensure that State Courts are given the first opportunity to correct alleged Federal constitutional errors raised by State prisoners. O'Sullivan v. Boerckel, supra at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Rose v. Lundy, supra at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

In order to exhaust his State Court remedies, a prisoner must fairly present his constitutional claims to the highest available State Court before seeking relief in Federal Court. O'Sullivan v. Boerckel, supra at 845 ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal

constitutional claims before those claims are presented to the federal courts, * * * state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking **one complete round of the State's established appellate review process**.") [emphasis added].

Here, it is readily apparent that the Petitioner has not satisfied the exhaustion of State Court remedies requirement, because he has never sought relief in the Minnesota Supreme Court. The Petitioner could have asked the Minnesota Supreme Court to review the State Court of Appeals' decision in his Post-Conviction proceedings and, at least as of now, it appears that he still could seek such review.[4] Since the Petitioner has not yet given the highest available State Court an opportunity to address his current constitutional claims, he has not satisfied the exhaustion of State Court remedies requirement. Therefore, his Petition must be summarily dismissed due to non-exhaustion.

---

[4]According to Rule 117, Subdivision 1, Minnesota Rules of Appellate Procedure, "[a]ny party seeking review of a decision of the Court of Appeals shall separately petition the Supreme Court," by filing and serving a petition for review "within 30 days of the filing of the Court of Appeals' decision." The Court of Appeals' decision in the Petitioner's case assertedly was filed on June 29, 2005, so the Petitioner should still have several days in which to file a timely Petition for Review, if he has not already done so.

In sum, finding that the Petitioner's claims have not been exhausted in the State Courts of Minnesota, we recommend that his Petition be summarily dismissed, and that the action be dismissed without prejudice to its renewal upon an exhaustion of State Court remedies.[5]  Petitioner may return to Federal Court -- if necessary -- after the State Courts, including the Minnesota Supreme Court, have reviewed, and decided the merits of, all of the claims that he seeks to present in Federal Court.  See Williams v. Groose, 77 F.3d 259, 262 (8th Cir. 1996).[6]

Lastly, since the Petitioner has failed to present a Habeas Corpus claim upon which relief can be granted, we further recommend that his application to proceed in forma pauperis, Docket No. 2, be denied.  See Title 28 U.S.C. § 1915(e)(2)(B)(ii); see

---

[5] The Petitioner should note that any claims that the State Courts refuse to decide on their merits, because of a State procedural rule, will be procedurally defaulted, and will not be reviewable, in a future Federal Habeas proceeding, except upon a showing of either:  1) sufficient cause and prejudice to excuse the procedural default; or 2) proof of actual innocence.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).

[6] Given the date of the Petitioner's original conviction and sentence, as well as the date when the sentence allegedly was "executed," it appears likely that this action is time-barred under the one-year statute of limitations set by Title 28 U.S.C. §2244(d)(1).  However, we cannot be entirely certain that his Petition is untimely based on the limited information provided by the Petitioner, so we do not now reach that issue.  Nevertheless, the Petitioner should certainly consider that issue carefully before expending any further effort to obtain Federal Habeas relief.

also, Kruger v. Erickson, 77 F.3d 1071, 1074 n. 3 (8th Cir. 1996) (in forma pauperis application should be denied where Habeas Petition cannot be entertained).

NOW, THEREFORE, It is –

RECOMMENDED:

1.  That the Petitioner's application for a Writ of Habeas Corpus [Docket No. 1] be denied.

2.  That the Petitioner's application to proceed in forma pauperis [Docket No. 2] be denied.

3.  That this action be summarily dismissed, but without prejudice.


Dated: July 14, 2005                    s/Raymond L. Erickson
                                                Raymond L. Erickson
                                                UNITED STATES MAGISTRATE JUDGE


**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July**

**29, 2005**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 29, 2005**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.