# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

David James Jannetta,                                              Civil No. 05-1349 (DWF/RLE)

          Petitioner,

v.                                                                                          **ORDER**

Terry Carlson, C.E.O./Warden,

          Respondent.

_____

David James Jannetta, *Pro Se*, Petitioner.

Thomas R. Ragatz, Assistant Attorney General, Minnesota Attorney General's Office, counsel for Defendant.

_____

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, challenging his confinement by the State of Minnesota. (Doc. No. 1.) The matter was assigned to Magistrate Raymond L. Erickson, who recommended that the petition be summarily dismissed, because Petitioner failed to exhaust all of his available state court remedies before seeking federal habeas corpus relief (as required by 28 U.S.C. § 2254(b) and (c)). (Report and Recommendation ("R&R"), dated July 14, 2005 (Doc. No. 3).) Petitioner filed objections to the R&R, which caused this Court to conduct a *de novo* review of the matter. By Order dated August 5, 2005 (Doc. No. 8), the Court adopted the R&R and ordered that this action be dismissed without prejudice.

On August 11, 2005, Petitioner filed a Notice of Appeal, and an Application for a Certificate of Appealability. (Doc. Nos. 10 and 11.) Petitioner has also filed an application to proceed *in forma pauperis* ("IFP") on appeal. (Doc. No. 12.) Thus, the matter is presently before this Court to determine (a) whether Petitioner should be granted IFP status on appeal, and (b) whether Petitioner should be granted a Certificate of Appealability.

## DISCUSSION

### A.    IFP Application

A litigant who seeks to be excused from paying the $255 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. *See also* Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

According to Petitioner's IFP application, he has a prison industries job, but he earns only $0.50 per hour. The IFP application indicates that Petitioner has only $1.72 in his prison trust account,

and he has no other assets of any kind. Based on this information, the Court finds that Petitioner is financially eligible for IFP status.

Although the Court has no doubt that Petitioner's habeas corpus petition was properly dismissed because of his failure to exhaust his state court remedies, Petitioner's appeal is not deemed to be legally "frivolous," as that term has been defined by the Supreme Court. Thus, the Court finds that Petitioner's appeal is taken in good faith for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and that his application for IFP status on appeal should be granted.

### B. Certificate Of Appealability

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994), *cert. denied*, 513 U.S. 946 (1994), citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In *Slack v. McDaniel*, *supra*, the Supreme Court explained how the federal district courts should determine COA eligibility in habeas cases that have been dismissed on procedural grounds, rather than on the merits.

> Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the "Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of," *Ashwander v. TVA*, 297 U.S. 288, 347 . . . (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The *Ashwander* rule should inform the court's discretion in this regard.

529 U.S. at 484-85.

In the present case, the Court finds that Petitioner's COA request can be fully resolved by applying only the second of the two threshold criteria identified by the Supreme Court in *Slack–i.e.*, "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." *Id.* at 485.

After again considering the record in this matter, the Court remains fully satisfied that Petitioner's application for habeas corpus relief was properly dismissed for the reasons discussed in the

4

Magistrate Judge's R&R. As the Magistrate Judge correctly explained, Petitioner's habeas corpus petition cannot be entertained at this time, because he did not exhaust his available state court remedies before seeking federal habeas corpus relief.

Petitioner has not offered any reason to think that any other court–including the Eighth Circuit Court of Appeals–could decide this case any differently than it was decided here. He has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about his case that might cause it to warrant appellate review. Therefore, Petitioner is not entitled to a COA in this matter.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Petitioner's application for leave to proceed *in forma pauperis* on appeal (Doc. No. 13) is **GRANTED**; and

2. Petitioner's application for a Certificate of Appealability in this matter (Doc. No. 11) is **DENIED**.


Dated: August 31, 2005            s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  Judge of United States District Court